UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| MIKE HODGE, ) | |
| ) | |
|     *Plaintiff*, ) | |
| v. ) | No. 4:08-cv-80 |
| ) | *Mattice/Carter* |
| SHERIFF GRAVES, CAPT. FREEMAN, ) | |
| LT. WELCH, LT. BEATY, DEPUTY ) | |
| MANSFIELD, DEPUTY DOTSON, SGT. ) | |
| BILLY KIMBIL, DEPUTY DON VANCE, ) | |
| DEPUTY KEVIN ROLSTON, DEPUTY ) | |
| DALE ROBERTSON, NURSE KAREN ) | |
| BONE, NURSE TANIY, AND DEPUTY ) | |
| TOBY LONZO; ) | |
| ) | |
|     *Defendants*. ) | |

## **MEMORANDUM**

Plaintiff Mike Hodge ("Hodge") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 5). On December 18, 2008, the Court issued an order directing Hodge to complete the service packet and return it to the District Court Clerk within twenty days from the date of receipt of the Order (Court Doc. 7). Additionally, Hodge was notified that non-compliance with the Court's order would jeopardize his prosecution of this action (Court Doc. 7).

There has been no response to the Court's Order. Accordingly, the Court finds Hodge has failed to comply with its Order.

Rule 41(b) of the Federal Rules of Civil Procedure permits this Court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the Court. This authority flows from the Court's inherent power to control its docket, prevent undue delays in the

1

disposition of pending cases, and avoid congested court calendars. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Therefore, this action will be **DISMISSED** for Hodge's failure to prosecute and to comply with the Orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

        /s/Harry S. Mattice, Jr.
    HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE